UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANTHONY CASTRO, JR., <br><br> Plaintiff, <br><br> v. <br><br> KENNY KAILIN, COMMUNITY PARTNERSHIP MANAGER; TIM OCHOA, WARDEN, <br><br> Defendants. | NO. EDCV 11-01973 JFW (SS) <br><br> **MEMORANDUM AND ORDER DISMISSING** <br><br> **COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On December 22, 2011, plaintiff Steven Anthony Castro, Jr. ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1    Congress mandates that district courts initially screen civil
2 complaints filed by a prisoner seeking redress from a governmental
3 entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such
4 a complaint, or any portions thereof, before service of process if the
5 Court concludes that the complaint (1) is frivolous or malicious, (2)
6 fails to state a claim upon which relief can be granted, or (3) seeks
7 monetary relief from a defendant who is immune from such relief.  28
8 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-
9 27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that two officials at Chuckawalla Valley State Prison ("CVSP"), where Plaintiff is currently incarcerated, violated his Constitutional rights: (1) Kenny Kailin, Community Partnership Manager; and (2) Tim Ochoa, Warden (collectively, "Defendants").  (See Complaint at 3).[2]  Plaintiff sues both Defendants in their individual and official capacities.  (Id.).

Plaintiff alleges that Defendants unlawfully discontinued the Native American sweat lodge ceremony at CVSP in violation of his "First Amendment right to religious freedom and equal protection under the 14th Amendment . . . based on the Religious Land Use and Institutionalized

---

[2] The Court will cite to the Complaint and its interspersed attachments as though they formed a single, consecutively paginated document.  Plaintiff is reminded that pursuant to Local Rule 11-3.3, all documents filed with the Court must be "numbered consecutively at the bottom of each page."

Persons Act (R.L.U.I.P.A.)." (Complaint at 4). According to Plaintiff, the sweat lodge ceremony is "central" to his religious beliefs. (Id.).

Specifically, Plaintiff alleges that on June 28, 2011, Defendant Kailin announced that the prison was discontinuing indefinitely the "Native American Spiritual Program." (Id.). Defendant Kailin explained to Plaintiff that he had several grounds for the decision, including (1) health and safety concerns due to the temperature of the sweat lodge; (2) the lack of a Native American spiritual advisor to supervise the ceremony; (3) his understanding that "talking circles" are a sufficient substitute for the sweat lodge ceremony; (4) the need for instructions from the "Standardized Procedures Unit" ("SPU") on proper sweat lodge procedures; and (5) directions from the warden, Defendant Ochoa, to shut down the program. (Id. at 5-6). Plaintiff asserts that all of these grounds are based on misinformation or are pretextual. (Id.). Defendants were given copies of the CDC Operations Manual and Federal Bureau of Prisons Guidelines for Native American religious programs, but still have not permitted sweat lodge ceremonies to resume. (Id. at 6).

Plaintiff seeks preliminary and permanent injunctive relief requiring CVSP to "restore the weekly Native American Sweatlodge Ceremony" and the "Native American Spiritual Programs to full capacity"; to "provide [to inmates] a full and continual Native American Spiritual Program" as described in federal prison guidelines; to "appoint [an] overseer of Religious Programs" at CVSP to "monitor and enforce Federal regulations"; and to "audit monies received" by CVSP from federal sources for prisoner religious services. (Id. at 41). Plaintiff does not request monetary damages.

# III.

# DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  The Claims Against Defendants In Their Individual Capacity Must Be Dismissed**

Plaintiff sues Defendants Kailin and Ochoa in both their individual and official capacities. (Complaint at 3). However, Plaintiff seeks only injunctive relief, which only CVSP as an institution can provide. (Id. at 41). A suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (internal quotation marks omitted; emphasis added); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity). Plaintiff does not seek money damages, which is the relief available from a defendant sued in his individual capacity in a section 1983 action. Rather, Plaintiff's claims seek system-wide changes in

CVSP policy and appear directed against Defendants in their official capacity as representatives of CVSP, not in their individual capacity. Consequently, the Complaint is dismissed with leave to amend.

**B.   The Complaint Fails To State A Claim To The Extent It Is Based On CVSP's Failure To Follow Federal Bureau of Prisons Guidelines**

Plaintiff seeks an Order requiring CVSP to "[p]rovide a full and continual Native American Spiritual Program as explained in the Practical Guidelines for Administration of Inmates Religious Beliefs and Practices for Native Americans." (Complaint at 41). The Complaint includes a copy of the Guidelines, which were promulgated by the Federal Bureau of Prisons ("BOP"). (Id. at 12-37). It is unclear whether Plaintiff is alleging that CVSP's failure to follow federal prison guidelines is per se a violation of his Constitutional rights. (See id. at 6). However, the Guidelines appear to provide operational guidance to religious programs in federal prisons and do not purport to vest state prisoners with any federal rights. Indeed, even under federal regulations, wardens are authorized to "discontinue a religious activity" when it is "considered necessary for the security or good order of the institution." 28 C.F.R. § 548.10(b). To the extent that Plaintiff claims that CVSP's failure to follow BOP Guidelines violates his Constitutional rights, the Complaint must be dismissed with leave to amend. Cf. Foster v. Nelson, 1998 WL 422030 at *1 (10th Cir. July 23, 1998) (alleged violation of BOP mail regulations does not give rise to state prisoner claim under section 1983 where the regulations pertain to the operation of federal prisons and "do not flesh out any federal rights, privileges, or immunities").

**C.  The Requests For Injunctive Relief Are Vague And Not Reasonably Related To The Injuries Alleged**

"[T]he scope of injunctive relief is dictated by the extent of the violation established, and an injunction must be narrowly tailored to remedy the specific action necessitating the injunction." Fiber Sys. Int'l., Inc. v. Roehrs, 470 F.3d 1150, 1159 (5th. Cir. 2006) (internal quotation marks omitted).  Furthermore, Federal Rule of Civil Procedure 65(d) "requires an injunction to 'state its terms specifically' and 'describe in reasonable detail . . . the act or acts restrained.'" Del Webb Communities, Inc. v. Partington, 652 F.3d 1145, 1149-50 (9th Cir. 2011) (quoting Fed. R. Civ. P. 65(d)(1)(B)-(C)).  Because the full record has not yet been established, the Complaint is not required to "proffer a prayer for injunctive relief satisfying Rule 65(d)'s exacting precision," but nonetheless must still "describe the desired equitable relief in sufficient detail for the court to determine whether . . . relief is potentially appropriate and manageable." Haynes v. Dart, 2009 WL 2355393 at *9 (N.D. Ill. July 29, 2009); see also Brandner v. Abbott Laboratories, Inc., 2012 WL 27696 at *4-5 (E.D. La. Jan. 5, 2012) (granting judgment on the pleadings in favor of defendants where request for injunctive relief was impermissibly vague).

Here, the majority of Plaintiff's requested injunctive relief is vague or overbroad.  Plaintiff seeks an order requiring CVSP to "restore the Native American Spiritual Program to full capacity" without explaining what a program at "full capacity" entails.  (Id. at 41). Similarly, Plaintiff demands that CVSP "[p]rovide a full and continual National American Spiritual Program as explained" in the BOP Guidelines

1  without identifying the provisions Plaintiff seeks to implement. (Id.).
2  These requests do not put Defendants on notice of the relief sought.
3  Additionally, Plaintiff seeks an Order appointing an "Overseer of
4  Religious Programs" to "enforce Federal regulations" and requiring an
5  audit of federal funds received by CVSP for religious services and
6  programs.  (Id.).   These requests are overbroad and appear to have
7  little, if any, relationship with the harms alleged in the Complaint.
8  Consequently, the Complaint must be dismissed with leave to amend.

**D.    Plaintiff's Complaint Violates Federal Rule Of Civil Procedure 8**

Plaintiff's Complaint does not comply with the standards of Rule 8. Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Fed. R. Civ. P. 8(e)(1) (instructing that "[e]ach averment of a pleading shall be simple, concise, and direct").  While the gravamen of the Complaint alleges that the discontinuance of the sweat lodge ceremony at CVSP violated Plaintiff's constitutional rights, Plaintiff intersperses his claims with federal and state regulations that do not necessarily appear relevant to Plaintiffs' constitutional claims.  The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement.  Consequently, the Complaint must be dismissed with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall **cure the defects** described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior Complaint. Each page of the First Amended Complaint, including attached exhibits, if any, must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to keep his allegations only to the facts that are relevant and material to his claims. Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience</u>.**

DATED:  January 24, 2012

                                                                /S/
                                      _____
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**