1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11  STEVEN ANTHONY CASTRO, JR.,    )    NO. EDCV 11-01973 JFW (SS)
                                   )
12                  Plaintiff,     )
                                   )    **MEMORANDUM AND ORDER DISMISSING**
13          v.                     )
                                   )    **COMPLAINT WITH LEAVE TO AMEND**
14  KENNY KAILIN, COMMUNITY        )
    PARTNERSHIP MANAGER; TIM       )
15  OCHOA, WARDEN,                 )
                                   )
16                  Defendants.    )
    _____    )

17

18

19

20                                   **I.**

                                **INTRODUCTION**

21

22

23       On December 22, 2011, plaintiff Steven Anthony Castro, Jr.

24  ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C.

    § 1983 (the "Complaint") against various defendants.  For the reasons

25  stated below, the Complaint is dismissed with leave to amend.[1]

26

27  _____

28       [1]  Magistrate Judges may dismiss a complaint with leave to amend
    without approval of the District Judge.  See McKeever v. Block, 932 F.2d
    795, 798 (9th Cir. 1991).

Congress mandates that district courts initially screen civil complaints filed by a prisoner seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that two officials at Chuckawalla Valley State Prison ("CVSP"), where Plaintiff is currently incarcerated, violated his Constitutional rights: (1) Kenny Kailin, Community Partnership Manager; and (2) Tim Ochoa, Warden (collectively, "Defendants"). (See Complaint at 3).[2] Plaintiff sues both Defendants in their individual and official capacities. (Id.).

Plaintiff alleges that Defendants unlawfully discontinued the Native American sweat lodge ceremony at CVSP in violation of his "First Amendment right to religious freedom and equal protection under the 14th Amendment . . . based on the Religious Land Use and Institutionalized

---

[2]   The Court will cite to the Complaint and its interspersed attachments as though they formed a single, consecutively paginated document. Plaintiff is reminded that pursuant to Local Rule 11-3.3, all documents filed with the Court must be "numbered consecutively at the bottom of each page."

1  Persons Act (R.L.U.I.P.A.).″ (Complaint at 4). According to Plaintiff,
2  the sweat lodge ceremony is ″central″ to his religious beliefs. (Id.).

4      Specifically, Plaintiff alleges that on June 28, 2011, Defendant
5  Kailin announced that the prison was discontinuing indefinitely the
6  ″Native American Spiritual Program.″ (Id.). Defendant Kailin explained
7  to Plaintiff that he had several grounds for the decision, including (1)
8  health and safety concerns due to the temperature of the sweat lodge;
9  (2) the lack of a Native American spiritual advisor to supervise the
10 ceremony; (3) his understanding that ″talking circles″ are a sufficient
11 substitute for the sweat lodge ceremony; (4) the need for instructions
12 from the ″Standardized Procedures Unit″ (″SPU″) on proper sweat lodge
13 procedures; and (5) directions from the warden, Defendant Ochoa, to shut
14 down the program. (Id. at 5-6). Plaintiff asserts that all of these
15 grounds are based on misinformation or are pretextual. (Id.).
16 Defendants were given copies of the CDC Operations Manual and Federal
17 Bureau of Prisons Guidelines for Native American religious programs, but
18 still have not permitted sweat lodge ceremonies to resume. (Id. at 6).

20     Plaintiff seeks preliminary and permanent injunctive relief
21 requiring CVSP to ″restore the weekly Native American Sweatlodge
22 Ceremony″ and the ″Native American Spiritual Programs to full capacity″;
23 to ″provide [to inmates] a full and continual Native American Spiritual
24 Program″ as described in federal prison guidelines; to ″appoint [an]
25 overseer of Religious Programs″ at CVSP to ″monitor and enforce Federal
26 regulations″; and to ″audit monies received″ by CVSP from federal
27 sources for prisoner religious services. (Id. at 41). Plaintiff does
28 not request monetary damages.

3

# III.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading.  <u>Pro se</u> litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment.  <u>See Lopez</u>, 203 F.3d at 1128-29.  Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   The Claims Against Defendants In Their Individual Capacity Must Be Dismissed**

Plaintiff sues Defendants Kailin and Ochoa in both their individual and official capacities.  (Complaint at 3).  However, Plaintiff seeks only injunctive relief, which only CVSP as an institution can provide.  (<u>Id.</u> at 41).  A suit against a defendant in his individual capacity "seek[s] to impose <u>personal</u> liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (internal quotation marks omitted; emphasis added); <u>see also</u> <u>Community House, Inc. v. City of Boise, Idaho</u>, 623 F.3d 945, 966-67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity).  Plaintiff does not seek money damages, which is the relief available from a defendant sued in his individual capacity in a section 1983 action.  Rather, Plaintiff's claims seek system-wide changes in

4

1  CVSP policy and appear directed against Defendants in their official
2  capacity as representatives of CVSP, not in their individual capacity.
3  Consequently, the Complaint is dismissed with leave to amend.

4

5  **B.   The Complaint Fails To State A Claim To The Extent It Is Based On**
6  **CVSP's Failure To Follow Federal Bureau of Prisons Guidelines**

7

8       Plaintiff seeks an Order requiring CVSP to "[p]rovide a full and
9  continual Native American Spiritual Program as explained in the
10 Practical Guidelines for Administration of Inmates Religious Beliefs and
11 Practices for Native Americans." (Complaint at 41). The Complaint
12 includes a copy of the Guidelines, which were promulgated by the Federal
13 Bureau of Prisons ("BOP"). (Id. at 12-37). It is unclear whether
14 Plaintiff is alleging that CVSP's failure to follow federal prison
15 guidelines is per se a violation of his Constitutional rights. (See id.
16 at 6). However, the Guidelines appear to provide operational guidance
17 to religious programs in federal prisons and do not purport to vest
18 state prisoners with any federal rights. Indeed, even under federal
19 regulations, wardens are authorized to "discontinue a religious
20 activity" when it is "considered necessary for the security or good
21 order of the institution." 28 C.F.R. § 548.10(b). To the extent that
22 Plaintiff claims that CVSP's failure to follow BOP Guidelines violates
23 his Constitutional rights, the Complaint must be dismissed with leave
24 to amend. Cf. Foster v. Nelson, 1998 WL 422030 at *1 (10th Cir. July
25 23, 1998) (alleged violation of BOP mail regulations does not give rise
26 to state prisoner claim under section 1983 where the regulations pertain
27 to the operation of federal prisons and "do not flesh out any federal
28 rights, privileges, or immunities").

1  **C.**    **The Requests For Injunctive Relief Are Vague And Not Reasonably**

2        **Related To The Injuries Alleged**

3

4      "[T]he scope of injunctive relief is dictated by the extent of the

5  violation established, and an injunction must be narrowly tailored to

6  remedy the specific action necessitating the injunction." Fiber Sys.

7  Int'l., Inc. v. Roehrs, 470 F.3d 1150, 1159 (5th. Cir. 2006) (internal

8  quotation marks omitted).  Furthermore, Federal Rule of Civil Procedure

9  65(d) "requires an injunction to 'state its terms specifically' and

10  'describe in reasonable detail . . . the act or acts restrained.'" Del

11  Webb Communities, Inc. v. Partington, 652 F.3d 1145, 1149-50 (9th Cir.

12  2011) (quoting Fed. R. Civ. P. 65(d)(1)(B)-(C)).  Because the full

13  record has not yet been established, the Complaint is not required to

14  "proffer a prayer for injunctive relief satisfying Rule 65(d)'s exacting

15  precision," but nonetheless must still "describe the desired equitable

16  relief in sufficient detail for the court to determine whether . . .

17  relief is potentially appropriate and manageable." Haynes v. Dart, 2009

18  WL 2355393 at *9 (N.D. Ill. July 29, 2009); see also Brandner v. Abbott

19  Laboratories, Inc., 2012 WL 27696 at *4-5 (E.D. La. Jan. 5, 2012)

20  (granting judgment on the pleadings in favor of defendants where request

21  for injunctive relief was impermissibly vague).

22

23      Here, the majority of Plaintiff's requested injunctive relief is

24  vague or overbroad.  Plaintiff seeks an order requiring CVSP to "restore

25  the Native American Spiritual Program to full capacity" without

26  explaining what a program at "full capacity" entails.  (Id. at 41).

27  Similarly, Plaintiff demands that CVSP "[p]rovide a full and continual

28  National American Spiritual Program as explained" in the BOP Guidelines

without identifying the provisions Plaintiff seeks to implement. (<u>Id.</u>). These requests do not put Defendants on notice of the relief sought. Additionally, Plaintiff seeks an Order appointing an "Overseer of Religious Programs" to "enforce Federal regulations" and requiring an audit of federal funds received by CVSP for religious services and programs. (<u>Id.</u>). These requests are overbroad and appear to have little, if any, relationship with the harms alleged in the Complaint. Consequently, the Complaint must be dismissed with leave to amend.

**D.   <u>Plaintiff's Complaint Violates Federal Rule Of Civil Procedure 8</u>**

Plaintiff's Complaint does not comply with the standards of Rule 8. Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); <u>see also</u> Fed. R. Civ. P. 8(e)(1) (instructing that "[e]ach averment of a pleading shall be simple, concise, and direct"). While the gravamen of the Complaint alleges that the discontinuance of the sweat lodge ceremony at CVSP violated Plaintiff's constitutional rights, Plaintiff intersperses his claims with federal and state regulations that do not necessarily appear relevant to Plaintiffs' constitutional claims. The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. Consequently, the Complaint must be dismissed with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint.  In any amended complaint, the Plaintiff shall **cure the defects** described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the prior Complaint. Each page of the First Amended Complaint, including attached exhibits, if any, must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to keep his allegations only to the facts that are relevant and material to his claims.  Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim.  It is not necessary for Plaintiff to cite case law or include legal argument.

8

1    **Plaintiff is explicitly cautioned that failure to timely file a**
2    **First Amended Complaint, or failure to correct the deficiencies**
3    **described above, will result in a recommendation that this action be**
4    **dismissed with prejudice for failure to prosecute and obey Court orders**
5    **pursuant to Federal Rule of Civil Procedure 41(b).** __**Plaintiff is further**__
6    __**advised that if he no longer wishes to pursue this action, he may**__
7    __**voluntarily dismiss it by filing a Notice of Dismissal in accordance**__
8    __**with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of**__
9    __**Dismissal is attached for Plaintiff's convenience.**__

11   DATED:   January 24, 2012

12                                           /S/
                                        _____
13                                      SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE

16   **THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO**
17   **BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR**
18   **LEXIS.**